IN THE UNITED STATED DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CHRISTY N. STEWART, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 2:05-cv-00092-DRB |
| vs. | ) | [wo] |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Following administrative denial of her application for disability insurance benefits under Title II of the Social Security Act , 42 U.S.C. §§ 401 *et seq.*, Christy N. Stewart ("Stewart") received a requested hearing before an administrative law judge ("ALJ"), who rendered an unfavorable decision. Because the Appeals Council rejected review, the ALJ's decision became the final decision of the Commissioner of Social Security ("Commissioner"). Judicial review proceeds pursuant to 42 U.S.C. § 405(g) and 28 U.S.C. § 636 (c), and for reasons herein explained, the court concludes that the Commissioner's decision should be remanded for further administrative proceedings.

### I.   STANDARD OF REVIEW

Judicial review of the Commissioner's decision to deny benefits is limited. The court cannot conduct a *de novo* review or substitute its own judgment for that of the Commissioner. *Walden v. Schweiker*, 672 F.2d 835 (11th Cir. 1982). This court must find the Commissioner's decision conclusive "if it is supported by substantial evidence and the correct legal standards were applied." *Kelley v. Apfel*, 185 F. 3d 1211, 1213 (11th Cir. 1999), *citing Graham v. Apfel*, 129 F. 3d 1420, 1422 (11th Cir. 1997).

Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995), *citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

If the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the court would have reached a contrary result as finder of fact, and even if the court finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord*, *Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992); *Parker v. Bowen*, 793 F.2d 1177 (11th Cir. 1986).

The district court will reverse a Commissioner's decision on plenary review if the decision applies incorrect law, or if the decision fails to provide the district court with sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Department of Health and Human Services*, 21 F.3d 1064, 1066 (11th Cir. 1994). The case may be remanded to the Commissioner for a rehearing under sentence four of 42 U.S.C. § 405 (g); under sentence six of 42 U.S.C. § 405 (g); or under both sentences. *Jackson v. Chater*, 99 F.3d 1086, 1089 - 92, 1095, 1098 (11th Cir. 1996).

In deciding whether the Commissioner erred in denying review of the ALJ's decision, the court also must consider additional evidence considered and made a part of the record by the Appeals Council in denying requested review. The Appeals Council will review a case if there

appears to be an abuse of discretion by the ALJ, if there is an error of law, or if the ALJ's action, findings, or conclusions are not supported by substantial evidence.  20 C.F.R. § 416.1470; *see also, Parker v. Bowen*, 788 F.2d 1512, 1518 (11th Cir. 1986) (*en banc*).  The Appeals Council's denial of review is subject to judicial review to determine if it is supported by substantial evidence. *Parker*, 788 F. 2d at 1520.

## II.   ADMINISTRATIVE FINDINGS

Stewart, age 23 at the time of the hearing,  has not engaged in substantial gainful work activity since April 3, 2001, the alleged onset date of disability.  The  ALJ determined that Stewart has the following severe impairments: *cervical disk protrusion at C6-7, Level-II obesity, lumbar disk protrusion at L4-5, and asthma*.  After considering them individually and in combination,  he concluded that they did not  meet or equal in severity – any impairment listed in 20 C.F.R. Part 404, Subpart P,  Appendix 1.  The ALJ deemed Stewart's allegations of pain and functional limitations "not  credible".  The ALJ determined that she retained the residual functional capacity ("RFC") to perform her past relevant work as a night auditor.  Accordingly,  the ALJ concluded that Stewart is not disabled.[1]

## III.   ISSUES

Stewart specifies five issues for this judicial review:

1.      Whether the ALJ erred by failing to properly evaluate Ms. Stewart's pain;

2.      Whether the ALJ erred by failing to even reference or discuss any of the records from Dr. Gregory Borg, Dr. G. Alan Young, Dr. T. Allen Dunn, Dr. Kurtis Eaton or Therapist Fran Scheel, all whom are treating sources;

---

[1]R. 14,16-18.

3.       Whether the ALJ failed to even discuss, much less consider, the side effects of Ms. Stewart's medications on her ability to work;

4.       Whether the ALJ erred by failing to order a consultative psychological evaluation when the evidence demonstrates psychological limitations; and

5.       Whether the new evidence submitted to the Appeals Council warrants remand.[2]

## IV.  DISCUSSION

Pursuant to the evidentiary and legal analysis which follows, the court concludes that remand is warranted for the ALJ's failure to develop the record fully and fairly on the severity of Stewart's alleged mental impairment.  Because this error at the second step of the sequential evaluation process taints the ALJ's assessment of Stewart's RFC for past relevant work or other work,[3] which necessarily includes his consideration of her subjective complaints of pain and functional limitations,  the court

---

[2]Plaintiff's Brief ("*Pl.'s Br.*") at 1-2 (Doc. 10, filed May 26, 2005).

[3]In describing the sequential evaluation process for disability determinations, the court  in *Davis v. Shalala*, 985 F. 2d 528, 532 (11th Cir. 1993) explained in relevant part:

> In sequential evaluation *step two, the Secretary determines whether a claimant has a "severe" impairment* or combination of impairments that causes more than a minimal limitation on a claimant's ability to function.  *See* 20 C.F.R. §416.2( c ). ***If the Secretary finds, at step two, "a medically severe combination of impairments, the combined impact of the impairments will be considered throughout the disability determination process."*** *See* 20 C.F.R. §416.923.   In sequential evaluation *step three*, the Secretary determines *whether a claimant's impairment meets or equals a disability described in the Listing of Impairments* which describes impairments that are considered severe enough to prevent a person from doing any gainful activity. *See* 20 C.F.R. §§416.920(d), 416.925(a).  Finally, in sequential evaluation *steps four and five, the Secretary makes an assessment of a claimant's residual functional capacity*, in light of a claimant's past work, experience, age, and education.  *See* 20 C.F.R. §§416.920(e) and 416.920(f).(emphasis added).

omits discussion on the first-specified issue,  the ALJ's evaluation of Stewart's subjective complaints

of pain and other symptoms, as well as the second and third issues which may require reconsideration

in response to remand evidence.[4]   The court necessarily decides,  however, the merits of remand

based on post-hearing evidence submitted to the Appeals Council.

### A.      Necessity for Consultative Evaluation

Dr. Kenneth Warren, a State Agency psychologist, completed a Psychiatric Review

Technique form dated February 14, 2002, wherein he opined that Stewart did not suffer from any

medically determinable mental impairment.[5]  In reaching this conclusion, Dr. Warren documented

*both* the absence of allegations or medications indicating a mental impairment *and* the consultative

physical examination by Dr. Willis Crawford on January 29, 2002.[6]

---

[4]Solely for the sake of guidance in evaluating these issues for any post-remand  review,  the
court notes its concurrence with the Commissioner that with respect to the ALJ's failure to discuss
records from Stewart's treating sources *(Pl.'s Br.* at 10),  "none of the records cited ... include any
specific medical opinions about the nature and severity of [her] impairments describing how they
affect her ability to perform work-like activity." (*Def's. Br.* at 7 ).  Similarly, judicial review discloses
no record evidence sufficient to  trigger the ALJ's duty to make findings on medication side effects
(see *Pl.'s Br.* at 10-11; *Pl.'s Reply Br.* at 12; *Def's Br.* at 9).

[5]R. 232.

[6]Documenting the consultative examiner's findings and Stewart's activities of daily living, Dr.
Warren stated:

1/29/02 CE dr for physical states her nervous problem consist of panic attacks.  She
doesn't like to be around crowds.  Dr goes on to state: that she denies undue fatigue
or irritability. Not unduly somnolent during day.  She also denied memory loss, speech
problems & change in behavior. Dr gives mental status as normal, no mental dx given.
Dr states she is going to school, Dr says she has no mental hx of tx. ADLS: She is
able to shop, she drives. She cares for her husband & 2 children, cares for her
personal needs. She cooks & states she does all the work @ home = pain.  Shops for
groceries. Clmts adls are restricted for pain but she is quite functional for activity.  No
mention of mental problem restricting the above functioning/activities. DO makes no

(continued...)

The ALJ considered the findings by Dr. Warren and consequently concluded that Stewart's depression is not a severe impairment.[7] Stewart specifies error in the ALJ's reliance on opinions rendered by Dr. Warren, purportedly on an incomplete record.[8]  Pointing to evidentiary submissions not reviewed by the State Agency psychological consultant, Stewart suggests that these submissions "document[] the severity of [her] depression."  Stewart thus concludes that the ALJ should have informed his finding on the severity of her mental impairment by ordering a mental  consultative examination.[9]  The court agrees.

While a claimant has the burden of establishing a *prima facie* case of disability, it is axiomatic that the ALJ has a concomitant duty to develop the record fully and fairly, whether or not a claimant is represented by counsel. *Clark v. Schweiker*, 652 F.2d 399, 404 (5th Cir. Unit B July 1981). This duty requires the ALJ to "scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts." *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981). Ordering a consultative examination where one is necessary to make an informed decision is one means by which an ALJ discharges his duty to develop the record fully. *Reeves v. Heckler*, 734 F.2d 519, 522  n. 1 (11th Cir. 1984) ; *see also* 20 C.F.R. § 404.1517 ("If your medical sources cannot or will not give us sufficient

---

[6](...continued)
mention of any mental. No mental dx or 3368 or on supplement.

(R. 244).

[7]R. 16.

[8]*Pl.'s Br.* at 12.  Stewart states that at the time of Dr. Warren's review, 62 pages of medical records were in the record but an additional 210 pages of medical records were submitted after his February 2002 report.

[9]*Pl.'s Br.* at 12, citing R. 221, 223, 448-452, 470 and 473.

medical evidence about your impairment for us to determine whether you are disabled or blind, we may ask you to have one or more physical or mental examinations or tests."). Although it is within the ALJ's discretion to order a consultative examination where he determines one is warranted, "[i]t is reversible error for an ALJ not to order a consultative examination when such an evaluation is necessary for him to make an informed decision." *Reeves*, 734 F.2d at 522 n.1.

Notwithstanding the failure to ground her application for disability benefits on depression or any other mental impairment,[10] Stewart now submits that several facts documented in her medical records submitted after the February 2002 review by the State Agency psychological consultant provided the ALJ with a clear basis for ordering a consultative examination: (1) her report to her treating physician in 2001 of a history of depression; (2) in 2002, her treating doctor prescribed medication for depression; (3) she had been "physically and psychologically" abused by her husband; and (4) she received treatment from Troy State University Counseling in March 2003.[11] Other evidence buttresses her contention that the record dictated a consultative psychological examination. Stewart testified that she took medication for depression but ceased when she could not afford it after insurance coverage terminated.[12] On April 16, 2002, Dr. Bruce Trippe reported the possible need for a psychiatric evaluation if a thyroidectomy did not remedy her choking sensation and fatigue.[13]

---

[10]R. 107-116; 121;139-144.

[11]*Pl.'s Br.* at 12. The court declines to consider records documenting Stewart's reports of depression to her treating doctor in 2003 because these records were not part of the record before the ALJ but were instead submitted to the Appeals Council. *See Falge v. Apfel*, 150 F. 3d 1320, 1323 (11th Cir. 1998).

[12]R. 36-37.

[13]Dr. Trippe reported:

(continued...)

The Commissioner notes Stewart's lack of any ongoing treatment for depression or medical evidence of any limitations of functioning due to a mental impairment; that is not, however, the appropriate benchmark for ordering a consultative examination. Relevant precedent dictates that an ALJ should order a consultative psychological examination if the combination of the claimant's testimony and the opinions of any treating physician indicates *the existence* of a mental impairment. *See McCall v. Bowen*, 846 F.2d 1317, 1320 (11th Cir. 1988); *Smith v. Bowen*, 792 F.2d 1547, 1551 (11th Cir.1986); *Sims v. Apfel* 2001 WL 303295, at *3 (S.D.Ala. March 14, 2001).

Because this record suggests, at minimum, the existence of a mental impairment – *depression* – which could have a material impact on the disability decision, the ALJ should have informed his determination with an appropriate consultative examination. *Turner v. Califano*, 563 F.2d 669, 671 (5th Cir. 1977). Accordingly, remand is dictated so that the ALJ can fully and fairly develop the record by ordering a psychological or psychiatric consultative examination.

B.     Consideration of New and Material Evidence

The Appeals Council declined to review the ALJ's decision after reviewing and making a part of the record: (1) medical records from Stewart's treating physician, Dr. Patrick Ryan, dated

---

[13](...continued)

I believe her choking sensation is function, so called globus hystericus, and I want the patient to work with me and promise, with her husband here on this pre op level 5 visit, that if her thyroidectomy for the two medical/legal reasons I have just explained does not improve her choking sensation or her fatigue that a sleep lab and psychiatric evaluation are part of our continuous care. If not, there is no follow up.

She has been on Celexa for a while in the past and, therefore, other physicians have thought that an SSRI is necessary as I have just dictated.

(R. 434).

September 22, 2003; (2) hospital records for services rendered at Jackson Hospital from October 28, 2003 through October 29, 2003; (3) medical records from Troy Regional Center dated October 29, 2003; and (4) emergency room treatment records from Flowers Hospital dated October 30, 2003.[14] Stewart contends that these post-hearing submissions satisfy the requirements of 42 U.S.C. §405(g) and the applicable case law.[15]   Noting that the Appeals Council did consider these records, the Commissioner argues principally that the evidence fails to satisfy the *materiality* prong of the Eleventh Circuit's three-pronged standard for remand.[16]

Stewart deems the records material because "it proves that her migraines are severe enough to cause pseudoseizures" and "document[s] where [her] treating physician, Dr. Miller,...witnessed her pseudoseizures and...restricted her from driving." Because "[t]hese seizure like episodes would create significant work related limitations", Stewart argues that it would likely change the administrative outcome.[17]

---

[14]R. 5-8.

[15]*Pl.'s Br.* at 11-14.   For a  remand under sentence six of 42 U.S.C. § 405(g), the claimant must establish that (1) there is new, non-cumulative evidence;  (2) the evidence is material  because it is relevant and probative so there is a reasonable possibility that it would change the administrative result; and (3) there is good cause for failure to submit the evidence at the administrative level. *Vega v. Commissioner of Social Security*, 265 F. 3d 1214 (11th Cir. 2001); *Falge v. Apfel*, 150 F.3d 1320, 1323 (11th Cir. 1998).   Failure to establish any of these elements means that remand is not appropriate. *Milano v. Bowen*, 809 F.2d 763, 766 (11th Cir. 1987).

[16]*Def.'s Br.* at 11-14.  Materiality of the evidence requires "a reasonable possibility that the new evidence would change the administrative outcome." *Hyde v. Bowen*, 823 F.2d at  459.   An additional implicit requirement of materiality is that the new evidence "relates to the period on or before the date of the administrative law judge hearing decision."  20 C.F.R. §416.1470(b).

[17]*Pl.'s Br.* at 14.

Scrutiny of the remand submissions compels this court to agree with the Commissioner's unchallenged contention that "this additional evidence does not relate to any condition Plaintiff was experiencing during the relevant period" and thus, "it cannot serve as a basis for remand."[18] Stewart did not ground her disability claim on migraine headaches, pseudoseizures or any seizure disorder. Nor did she testify regarding these impairments at the hearing.[19] Likewise, scrutiny of the evidentiary record before the ALJ reveals the lack of any diagnoses of these impairments or any limitations as result of such diagnoses. Insufficient on this record is any support for finding that the post-decision medical records relate to the period on or before the ALJ's decision on August 19, 2003. Stewart simply has not established the materiality of the post-decision submissions; thus, the requested remand for consideration of new evidence is not warranted.

## V.  CONCLUSION

Based on the findings and conclusions detailed in this *Memorandum Opinion*, it is **ORDERED** that the decision of the Commissioner is **REVERSED** , and this cause is **REMANDED** pursuant to *sentence four* of 42 U.S.C. §405(g) for further proceedings to evaluate the severity of Stewart's mental impairment, by ordering a psychological or psychiatric consultative examination.

---

[18]*Def.'s Br.* at 12-13.  Stewart fails to address at all the Commissioner's contention regarding her migraine headaches and pseudoseizures.  Review of both her initial brief and her reply brief does not demonstrate how these alleged impairments are relevant to the time period under consideration by the ALJ.

[19]R. 107-116; 121;139-144; 32-55.

Done this 15th day of May, 2006.

**/s/ Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE
